**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                                        :
JAMES WALKER,                           :  CIVIL ACTION NO. 09-4084 (MLC)
                                        :
     Plaintiff,                         :       MEMORANDUM OPINION
                                        :
     v.                                 :
                                        :
I-FLOW CORPORATION, et al.,             :
                                        :
     Defendants.                        :
                                        :
```

**COOPER, District Judge**

The plaintiff brought this action in New Jersey state court against, among other defendants, the defendant Astrazeneca LP ("ALP") to recover damages pursuant to state law for personal injuries suffered from medical products. (Dkt. entry no. 1, Rmv. Not., Ex. A, Compl.) The defendants removed the action to this Court pursuant to 28 U.S.C. § ("Section") 1332. (Rmv. Not.) The Court will remand the action.

BACKGROUND

**I.   Legal Background**

  **A.   Partnership's Citizenship**

A partnership is deemed to be a citizen of each state in which each partner comprising the partnership is deemed to be a citizen. Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 419-20 (3d Cir. 2010). For instance, if one of the partners comprising a partnership is deemed to be a citizen of, among other places, New Jersey, then the partnership itself is deemed to be a citizen of, among other places, New Jersey as well.

B.   Section 1441(b)

A state court action that could have been brought initially in federal court under Section 1332 is "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought". 28 U.S.C. § 1441(b); see Lincoln Prop. Co. v. Roche, 546 U.S. 81, 84 (2005) (stating "[d]efendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State"); Bor. of W. Mifflin v. Lancaster, 45 F.3d 780, 785 (3d Cir. 1995) (stating "[Section] 1441(b) diversity cases have an additional obstacle to removal: a resident defendant is barred from removing to federal court"). This is known as "the forum-defendant rule". For instance, if an action brought against more than one defendant in New Jersey state court is removed under Section 1332, and if one of those defendants is deemed to be a New Jersey citizen, then that action — even if jurisdiction under Section 1332 exists — is nonetheless subject to remand.

C.   Fraudulent Joinder

A plaintiff bringing an action in state court against more than one defendant may not commit "fraudulent joinder" by naming a defendant who is not of diverse citizenship solely to defeat removal under Section 1332. Brown v. Jevic, 575 F.3d 322, 326-27 (3d Cir. 2009); In re Briscoe, 448 F.3d 201, 215-19 (3d Cir.

2

2006); Batoff v. State Farm Ins. Co., 977 F.2d 848, 851-54 (3d Cir. 1992); Boyer v. Snap-On Tools Corp., 913 F.2d 108, 110-13 (3d Cir. 1990); Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29-34 (3d Cir. 1985).

The concept of fraudulent joinder also applies when a plaintiff who is not a citizen of a state brings an action in the state court of that state against defendants who are all of diverse citizenship, and names a defendant who is a citizen of that state solely to defeat removal under the forum-defendant rule. See Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1380-81 (11th Cir. 1998) (reversing order denying motion to remand based on forum-defendant rule and directing district court to remand).[1] For instance, a plaintiff who is not a New Jersey citizen may not name a New Jersey citizen among the several defendants named in a New Jersey state court action for the sole purpose of denying the defendants the opportunity to remove the action to federal court under Section 1332.

---

[1] See also Ware v. CIBA Specialty Chems. Corp., No. 04-1645, 2004 WL 1743938, at *1-*5 (D.N.J. Aug. 4, 2004) (granting motion to remand to New Jersey state court, even though Section 1332 jurisdiction otherwise existed, as one defendant among several defendants was a New Jersey citizen and was not fraudulently joined); Blech v. Ford Motor Co., No. 03-6204, 2004 WL 1047649, at *1-*3 (E.D. Pa. May 6, 2004) (granting motion to remand to Pennsylvania state court, even though Section 1332 jurisdiction otherwise existed, as three defendants among several defendants were Pennsylvania citizens and were not fraudulently joined).

3

## II. Factual Allegations

### A. ALP's Citizenship

ALP is a partnership. (Rmv. Not. at 3.) One of the partners comprising ALP — KBI Sub, Inc. — is deemed to be a citizen of, among other places, New Jersey. (Id.) Thus, ALP itself is deemed to be a citizen of, among other places, New Jersey.

### B. Alleged Injuries

The plaintiff alleges that ALP, in connection with its related defendants, Astrazeneca Pharmaceuticals LP ("APLP") and Zeneca Holdings Inc. ("ZHI"):

> research[ed], develop[ed], manufacture[d] and market[ed] [anesthetic drugs used in an anesthetic delivery system ("pain pump")] . . . including bupivacaine (marketed under the brand names Marcaine and Sensorcaine), ropivicaine [sic] (marketed under the brand name Naropin), and lidocaine (marketed under the brand name Xylocaine), with or without epinephrine, injectable anesthetic drugs used in the pain pumps manufactured and marketed by [other defendants]. At all times relevant hereto, [ALP, APLP, and ZHI were] engaged in the testing, manufacturing, labeling, marketing, distributing, promoting and selling the pain pump anesthetics.

(Compl. at 3.)

The plaintiff alleges that during shoulder surgery, his:

> surgeon affixed to Plaintiff's shoulder a pain pump with continuously injected anesthetic drugs. Plaintiff's pain pump, through a catheter emanating from the pump and implanted under the skin, injected pain relief drugs directly into his shoulder joint on a continuous basis. The anesthetic drug used, marcaine was manufactured by the Defendants.

(Id. at 8-9 (paragraph designations deleted).)  The plaintiff alleges that his shoulder was injured as a result.  (Id. at 9.)[2]

### III. Motion Practice

When the defendants removed the action, the Court notified the plaintiff that it would be preferable in this instance if the plaintiff were to timely move for remand on any available ground.  (Dkt. entry no. 11, 8-26-09 Order at 2-6 (listing, inter alia, forum-defendant rule).)  The plaintiff now timely moves to remand under the forum-defendant rule due to ALP's presence in the action.  (See generally dkt. entry no. 23, Pl. Br.; dkt. entry no. 37, Pl. Opposition Br. to ALP's Cr. Mot. to Dismiss ("Pl. Opp.").)  See 28 U.S.C. § 1447(c).  ALP, APLP, and ZHI oppose the motion, and cross-move to dismiss the Complaint insofar as it is asserted against ALP on the ground that it has been fraudulently joined.  (See generally dkt. entry no. 33, ALP Br.)[3]

The plaintiff argues that he has pleaded that (1) ALP researched, developed, manufactured, and marketed products containing bupivacaine, marketed under the brand names Marcaine and Sensorcaine, and (2) Marcaine and the pain pump caused his injuries.  (Pl. Br. at 5; Pl. Opp. at 4.)  The plaintiff also

---

[2] The Court has omitted most of the allegations against the other defendants.  The focus of the analysis for the purposes of remand will be on ALP.

[3] Other defendants herein support ALP, APLP, and ZHI in seeking this relief.  (See dkt. entry nos. 32, 34.)

5

argues that there is an issue as to whether ALP had labeling and regulatory reporting responsibilities for Marcaine at the time of his surgery.  (Pl. Br. at 5-6.)

ALP argues that "[w]ith the sole exception of one paragraph claiming '[t]he anesthetic drug used, marcaine' . . . , Plaintiff supports every count in his Complaint with the allegation that 'pain pump anesthetics' were responsible for his injuries", and derides the plaintiff's "shotgun approach to his own allegations" in view of the information he should be able to glean from his medical records.  (ALP Br. at 1-2.)  ALP also argues that "Marcaine is a specifically registered brand-name product — not a generic compound — and [no entity connected to ALP] has ever been authorized by the Food and Drug Administration to market or distribute it in the United States."  (Id. at 3.)  ALP further argues that the plaintiff "makes no allegation that would distinguish the conduct of [ALP] from any of the other [defendants], nor does he allege that an anesthetic medication made by [ALP] was actually placed into his pain pump thereby causing his injuries."  (Id. at 11.)  Thus, ALP argues that it has been fraudulently joined as a defendant.  (See generally dkt. entry no. 39, ALP Reply Br.)

The plaintiff replies that his medical records do not list the manufacturer of the Marcaine, and thus he brought the action against all of the defendants involved with its manufacture in

6

order to avoid a statute of limitations issue.  (Pl. Opp. at 5.) He also argues that he continues to investigate which entity manufactured the Marcaine.  (Id.; dkt. entry no. 38, Pl. Decl. at 2.)[4]

**DISCUSSION**

A party raising a fraudulent joinder argument has a "heavy burden of persuasion" to show that the plaintiff has (1) no reasonable basis in fact or colorable ground to support the claim against the allegedly fraudulently joined defendant, or (2) no real intention in good faith to prosecute the action against that defendant.  Boyer, 913 F.2d at 111.  When addressing the issue of fraudulent joinder, the Court must (1) resolve in the plaintiff's favor all contested factual issues and any uncertainty as to the current state of controlling substantive law, and (2) find that a defendant was properly joined if there is "even a possibility" that a state court would find that a complaint states a claim. Id.  For a defendant to be found to be fraudulently joined, the claims asserted against that defendant must be "wholly insubstantial and frivolous".  Batoff, 977 F.2d at 852.

The standard for addressing dismissal due to fraudulent joinder is not the same as the standard for addressing either dismissal for failure to state a claim or summary judgment.  See

---

[4] The Court reviewed ALP's supplemental papers.  (See dkt. entry no. 45, 12-16-09 Letter; dkt. entry no. 48, 3-12-10 Letter; dkt. entry no. 51, 5-25-10 Letter.)

Briscoe, 448 F.3d at 217-18 (stating district court errs if a fraudulent joinder inquiry delves into a claim's merits); Batoff, 977 F.2d at 852 (stating district court erred in fraudulent joinder analysis in finding complaint failed to state a valid claim); Boyer, 913 F.2d at 111-12 (stating district court not permitted to reach claim's merits in deciding fraudulent joinder issue).  An inquiry under a motion to dismiss or for summary judgment "is more searching than that permissible when a party makes a claim of fraudulent joinder".  Batoff, 977 F.2d at 852.  As a fraudulent joinder analysis is not as "penetrating", the rejection of a fraudulent joinder argument does not guarantee that the claim will withstand a motion to dismiss for failure to state a claim on the merits or a motion for summary judgment.  Id. at 852-53.

   The plaintiff has not fraudulently joined ALP here, as the claims against ALP as presented in the Complaint are not wholly insubstantial and frivolous.  The Complaint is not a model of conciseness.  But the Complaint does allege that the plaintiff was injured by a product made by ALP when it was used in conjunction with a medical device.  ALP cannot argue that New Jersey law, or the law of any state, would bar this type of product liability claim.  Furthermore, the plaintiff's motivation to circumvent a statute of limitations issue by naming several defendants who may be responsible for the Marcaine is reasonable.

Cf. Brown, 575 F.3d at 327 (noting that statute of limitations defense may be considered in connection with a fraudulent joinder inquiry). Also, the plaintiff demonstrates an intention to proceed against ALP, as he states that he is attempting to ascertain whether ALP made the Marcaine. See Abels, 770 F.2d at 32 (stating action naming "Doe defendants" survived fraudulent joinder analysis, as plaintiff was endeavoring to proceed against them and to conduct discovery).

It may be that the claims asserted against ALP here would not withstand a motion to dismiss on the merits or a motion for summary judgment. But that concern is not relevant here, and the Court is constrained to grant the motion to remand.

## CONCLUSION

The Court will grant the plaintiff's motion to remand under the forum-defendant rule, deny the cross motion by ALP, APLP, and ZHI to dismiss, and remand the action. The Court will issue an appropriate order and judgment.

                              s/ Mary L. Cooper  
                              **MARY L. COOPER**  
                              United States District Judge

Dated: June 11, 2010